UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ANTHONY EVANS, | No. 2:19-cv-0110-EFB P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| LISA CARLOCK, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding without counsel, has filed an action purporting to be brought under 42 U.S.C. § 1983. The court previously dismissed the complaint with leave to amend. ECF No. 19. Plaintiff has filed an amended complaint which is before the court for screening under 28 U.S.C. § 1915A. ECF No. 35. For the reasons that follow, the amended complaint should be dismissed without leave to amend but without prejudice to plaintiff's filing his challenge to his arrest and conviction through a petition for writ of habeas corpus.

**I.  Screening Requirement and Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

1

1  A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**II.    The Complaint Must Be Dismissed**

Plaintiff raises allegations against three police officers, a district attorney, a public defender, and a judge who were involved in his arrest and prosecution for child molestation. ECF No. 35. He seeks reversal of his conviction, $5 million in compensatory damages, $5 million in punitive damages, and an apology. *Id.* at 5.

In dismissing his original complaint, the court informed plaintiff that:

> First, to the extent plaintiff claims he has been "illegally imprisoned" and requests that his record be "expunged," his claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck* holds that if success in a section 1983 action would implicitly

2

> question the validity of confinement or its duration, the plaintiff must first show that the underlying conviction was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or questioned by the grant of a writ of habeas corpus. *Muhammad v. Close*, 540 U.S. 749, 751 (2004).
>
> Second, to the extent plaintiff requests to be "released" from custody, his claim must be brought in a habeas action. *See Nettles v. Grounds*, 830 F.3d 922, 927-931 (9th Cir. 2016) (claims which would result in immediate release if successful fall within core of habeas corpus; claims which would not necessarily affect the length of time to be served if successful fall outside core of habeas corpus and must be brought, if at all, under § 1983).

ECF No. 19 at 3.

"Habeas corpus is the exclusive remedy for a state prisoner or civil committee who challenges the fact or duration of his confinement and seeks immediate or speedier release." *Hubbs v. Alamao*, 360 F. Supp. 2d 1073, 1079 (C.D. Cal. 2005) (citing *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) and *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)). It is clear from the allegations of the complaint that plaintiff seeks immediate or speedier release. As the court has already informed plaintiff, this remedy cannot be pursued under § 1983, but must instead be pursued in a habeas action. The question before the court is therefore whether to construe the complaint as a habeas action and allow the case to proceed, or whether to dismiss the action.

Where a complaint shows a clear intent to state a habeas claim, the U.S. Court of Appeals for the Ninth Circuit has instructed district courts to construe § 1983 claims challenging the fact or duration of confinement as a petition for habeas corpus. *El-Shaddai v. Zamora*, 833 F.3d 1036, 1046-47 (9th Cir. 2016). "When the intent to bring a habeas petition is not clear, however, the district court should not convert a defective section 1983 claim into a habeas petition." *Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995). Here, plaintiff seeks monetary relief, which is not available in a habeas action. But he also seeks release from confinement, which is only available through a habeas action. These contradictory claims for relief prevent the court from concluding that the case is clearly one for habeas relief and must be converted into a habeas action. What is clear, however, is that plaintiff's claims for relief are barred in a civil rights action unless and until he has obtained an order invalidating his conviction through habeas corpus

3

or other means. The court has already informed plaintiff of this legal fact in its prior screening order. Yet the amended complaint contains no facts indicating that he has successfully challenged his confinement in a habeas action and may therefore proceed with a § 1983 action based on his allegations of improper arrest and conviction.

Because the court has already given plaintiff an opportunity to state a viable § 1983 claim and it appears that plaintiff cannot do so, the complaint should be dismissed without leave to amend. This dismissal should be without prejudice to plaintiff's ability to file his claims in a habeas action after exhausting his state court remedies.

## III.     Recommendation

Accordingly, it is hereby ORDERED that the Clerk of Court shall randomly assign a United States District Judge to this case.

Further, it is RECOMMENDED that that the amended complaint filed on February 24, 2020 (ECF No. 35) be dismissed without leave to amend but without prejudice to plaintiff's ability to file his claims in an appropriately exhausted habeas action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 22, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE