UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ANTHONY EVANS,<br><br>                Plaintiff,<br><br>        v.<br><br>LISA CARLOCK, et al.<br><br>                Defendants. | No.  2:19-cv-0110-KJM-EFB P<br><br>FINDINGS AND RECOMMENDATIONS |

    Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  Pending are the court's findings and recommendations that this action be dismissed without prejudice for failure to state a cognizable section 1983 claim.  ECF No. 50.  Plaintiff has received numerous extensions and, as of now, has not yet submitted objections or reached the final deadline for doing so.  He has, however, filed a motion to stay this action.  ECF No. 57.  That motion should be denied.

    The logic of the motion to stay is somewhat difficult to follow, but plaintiff appears to be arguing that: (1) he intends to file a habeas action in this district which invokes the same allegations which form the basis of this section 1983 action (*id.* at 1, 4); and (2) staying this action will consequently "save a substantial amount of time and money" both for the plaintiff and the district.  *Id.* at 4.  In weighing whether to stay a proceeding, the U.S. Court of Appeals for the Ninth Circuit has held that a district court should weigh competing interests.  *See Cmax, Inc. v.*

*Hall*, 300 F.2d 265, 268 (9th Cir. 1962) ("Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed. Among these competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay."). Here, plaintiff has failed to show that any substantial interest favors staying this action. First (and as noted *supra*), the court has already recommended that the operative complaint be dismissed. ECF No. 50. In light of that recommendation, it makes little sense to stay this action. Second, plaintiff has not adequately explained how staying this action would conserve judicial resources or simplify any potential issues, proof, or questions of law.

In light of the foregoing, the court declines to recommend that this action be stayed. If plaintiff intends to file a separate habeas action in this district, he is free to do so. The court can discern no obvious benefit, however, to staying this action while that potential habeas action runs its course.

Accordingly, it is RECOMMENDED that plaintiff's motion to stay (ECF No. 57) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 2, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE